No. 81,658

In the Matter of PATRICK S. LEVY, *Respondent*.

(969 P.2d 870)

Opinion filed December 11, 1998.

*Ed Van Petten*, deputy disciplinary administrator, argued the cause and was on the formal complaint for the petitioner.

*James E. Martin*, of Overland Park, argued the cause for the respondent, and *Patrick S. Levy*, respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Patrick S. Levy, of Lawrence, an attorney admitted to the practice of law in Kansas.

Complaints filed in Cases Nos. A6422, A6434, and A6755A against the respondent alleged that the respondent violated MRPC 1.1 (1998 Kan. Ct. R. Annot. 279) (competence); MRPC 1.3 (1998 Kan. Ct. R. Annot. 288) (diligence); MRPC 1.4(a) and (b) (1998 Kan. Ct. R. Annot. 296) (communication); MRPC 3.3 (1998 Kan. Ct. R. Annot. 354) (candor toward the tribunal); MRPC 4.1 (1998 Kan. Ct. R. Annot. 366) (truthfulness in statements to others); and MRPC 8.4 (1998 Kan. Ct. R. Annot. 386) (misconduct).

The complaints were heard before a panel of the Kansas Board for Discipline of Attorneys. The respondent appeared by and through his attorneys James E. Martin and Jerry K. Levy. The Disciplinary Administrator appeared by and through Ed Van Petten, Deputy Disciplinary Administrator. The essential facts as determined by the panel and the panel's recommended discipline are not in dispute. Respondent did not file exceptions to the hearing panel report in which the panel by clear and convincing evidence unanimously found:

"FINDINGS OF FACTS

. . . .

"Count I-Case No. A6422

"2. On June 6, 1995, a divorce action was filed in the District Court of Douglas County, Kansas, captioned '*In the Matter of the Marriage of Jean M. Palmateer, Petitioner, and Robert C. Palmateer, Respondent*, Case No. 95D-379, Division

No. III.' Attorney for the petitioner was Margie Wakefield, a practicing attorney in Douglas County, Kansas. On June 15, 1995, Patrick S. Levy entered his appearance as attorney of record for the respondent of the divorce action, Mr. Robert C. Palmateer.

"3. On August 15, 1995, at 4:00 p.m. a hearing was held before the Honorable Jean F. Shepherd, District Judge, Division III, wherein the issue of divorce only was heard by the court and a divorce was granted. At that time, the court set the divorce for hearing on all post divorce matters including 'child custody, visitation and support, division of property and debt.' This hearing was set for October 26, 1995, at 9:00 a.m. Both respondent and his client were present at the hearing on August 15, 1995, at the time the matter was set for October 26, 1995.

"4. The hearing of August 15, 1995, was journalized prior to the hearing and the hearing date of October 26, 1995, was handwritten in the final order after execution by respondent, was then approved by the court and filed in the District Court of Douglas County, Kansas.

"5. Respondent at the time of the hearing on August 15, 1995, did enter the date of the hearing to be held on October 26, 1995, in his pocket calendar, making the notation on that date 'Palmateer, 9:00 o'clock.'

"6. On Tuesday, October 24, 1995, Patty Hobbs, Administrative Assistant to Judge Shepherd, initiated a conference call while Ms. Wakefield was present in her office to contact the respondent to determine if the Palmateer matter would go to trial on October 26, 1995, as scheduled. At that time, Mr. Levy indicated that he needed to discuss details with his client and that he would advise Ms. Hobbs on October 25, 1995, of the status of the case.

"7. On October 25, 1995, Ms. Hobbs again contacted Mr. Levy while Ms. Wakefield was present in her office. At that time Mr. Levy indicated that he thought most of the issues were resolved in the divorce and that there probably would not need to be a hearing on October 26, 1995. He also, at the time, indicated that if a hearing was necessary, he would be asking for a continuance. Mr. Levy [was] informed by Ms. Hobbs at that time, that he would have to appear in person to request the continuance. Respondent at that time said he would appear to request a continuance.

"8. On Wednesday, October 25, 1995, Mr. Palmateer contacted the respondent and the respondent at that time informed Mr. Palmateer that he did not need to appear in court on October 26, 1995. Thereafter, on that evening, while traveling to meet a client in his roommate's car, the vehicle he was driving broke down. It took several hours for respondent to obtain assistance and to return to Lawrence. He then slept through the Palmateer trial setting and did not arrive at his office until after default judgment had been entered. Respondent admits that under the circumstances he had forgotten the Palmateer setting.

"9. On the morning of October 26, 1995, Judge Shepherd called the *Palmateer* matter for hearing. Neither Mr. Levy or Mr. Palmateer was present. Ms. Wakefield and her client did appear. At that time, based on the record, a default judgment was granted in favor of the petitioner, Ms. Palmateer.

"10. On October 26, 1995, at 3:48 p.m., a Motion To Set Aside Default Judgment was filed by respondent. Within the body of the motion respondent pleaded the following:

'3. Default was taken without any lack of diligence, fault or neglect on the part of the Respondent or of Respondent's attorney.

'4. Respondent has a meritorious defense to Petitioner's alleged cause of action herein.

'5. There has been no Notice of Hearing filed in this matter concerning the October 26, 1995, hearing. Neither has any application for default judgment been served upon Respondent in accordance with K.S.A. 60-255.'

The Motion to Set Aside Default Judgment was denied.

"11. The above facts show that respondent lacked diligence and promptness in his representation of a client; and has engaged in conduct that adversely reflects on the respondent's ability to practice law.

"COUNT II—Case No. A6434

"12. That Jerry K. Levy was hired by Ward A. Thompson and Frances S. Wisdom to file lawsuits against the City of Lawrence and various law enforcement officials. Both clients were complaining of actions from the same incident.

"13. Subsequent to the filing of the two (2) separate lawsuits some defendants filed a motion for partial judgment on the pleadings. Plaintiffs' response was due November 8, 1993.

"14. Eight (8) days after the response was due (on November 16, 1993) a request to extend the deadline to November 18, 1993, was filed. This request was granted. The request was made by Patrick S. Levy. No Response Brief was filed.

"15 At that time Patrick S. Levy was practicing law in the State of Kansas on a temporary permit. Jerry K. Levy was his supervising attorney, and Patrick S. Levy was practicing law in the office of Jerry K. Levy.

"16. On January 3, 1994, Judge Kathryn Vratil sustained the defense motion as unopposed, due to the fact that no response had been filed by plaintiffs. This response appears to have been the responsibility of [Patrick Levy].

"17. On January 6, 1994, Jerry K. Levy did send a fax message to Judge Vratil's office which stated:

'Re: Your order for judgement on the pleadings. You apparently missed our Memorandum in Opposition which was filed timely on 11/18/93.'

"Attached to the fax message was a copy of a memorandum, which was not file-stamped or signed by any party. Patrick S. Levy's secretary confirmed that the Response Brief was done by November 18, 1993, and so did the computer log. Jerry Levy's partner, Ron Schneider, also confirmed the Response Brief had been completed timely. However, Jerry K. Levy had not reviewed and signed the Response Brief for filing as he usually did. It was believed that the Response Brief had been left with the office staff to be taken to the common mail for the building and mailed.

"18. The court then responded by faxing to Jerry K. Levy an Order To Remedy requesting that plaintiffs' counsel submit to the court a signed, file-stamped copy of the memorandum. Instead, on January 10, 1994, Jerry K. Levy filed a Motion To Reconsider Or In The Alternative Relief From The Judgment. In the motion, he requested that the court reconsider its order dated January 3, 1994, granting the defendant's Motion For Summary Judgment based upon the fact that either the plaintiffs had timely complied or made a substantially diligent effort at compliance.

"19. Jerry K. Levy at that time stated that plaintiffs had mailed their response in a timely manner but, for reasons beyond their control, the memorandum never arrived at the court. This motion was overruled.

"20. Subsequently, on February 18, 1994, [Jerry K. Levy], as counsel for plaintiffs, filed Motion And Memorandum To Reconsider, claiming therein that the memorandum was mailed in a timely fashion. The court likewise overruled plaintiffs' motion. Subsequent to the receipt of the fax from Jerry K. Levy on January 6, 1994, Judge Vratil corresponded with counsel for the defendants, being four (4) in number, to determine if any had received a copy of the memorandum alleged to have been filed with the court on November 18, 1993. At that time, all defense counsel verified that they, in fact, had not received copies of the memorandum alleged to have been filed by [Jerry K. Levy], until the filing of a subsequent motion in January 1994. [Jerry K. Levy] was aware of this prior to filing the motion on February 18, 1994. It is not clear whether Jerry K. Levy's office staff did not take the Response Brief to the common building mail location or whether the common building mail service never mailed the Response Brief to the Court and to counsel, but it is likely that one or the other occurred.

"21. That subsequent to the initial filing of both lawsuits, [Jerry K. Levy] turned the prosecution of the matters over to his son, Patrick S. Levy, to handle. Patrick S. Levy, as previously stated, was practicing on a temporary permit to be supervised by Jerry K. Levy.

. . . .

"The facts set forth in Count II present clear and convincing evidence of a violation of Model Rule of Professional Conduct 1.3 [by respondent, Patrick S. Levy]."

The professional responsibility of Jerry K. Levy in representing his clients is not before this court.

"COUNT III—Case No. A6755

"23. That in April 1995, Patty Klingler hired the respondent in a post divorce matter to revive judgments for back child support indebtedness.

"24. It was agreed that Klingler would pay respondent $250.00 for his services regarding obtaining a revivor for back child support in the amount of approximately $14,000.00.

"25. Respondent did the necessary research, filed pleadings, met with his client and attended a hearing before the District Court of Douglas County, Kansas, and prevailed with the motion filed, obtaining the judgment. No Journal Entry was filed regarding the hearing by the respondent. Respondent did not thereafter notify his client of the status of the Journal Entry, and the fact that it had not been filed.

"26. Klingler requested a portion of her money back to enable her to hire another lawyer; however, respondent refused the requested refund.

"27. Eventually, Klingler obtained her file from the respondent's office and turned it over to another attorney to finalize the actions necessary.

"The facts set forth in Count III show clear and convincing evidence of a violation of Model Rules of Professional Conduct 1.3 and 1.4(a).

## "CONCLUSIONS OF LAW

"As to Count I, Respondent's conduct violates [MRPC 1.3].

"As to Count II, Respondent's conduct violates [MRPC 1.3].

"As to Count III, Respondent's conduct violates [MRPC 1.3 and MRPC 1.4(a)].

## "RECOMMENDED DISPOSITION

"The Panel was somewhat troubled that the Respondent did not testify in his own behalf, although he attended the hearing with his attorney. Instead, the Respondent's father presented the mitigation testimony. With this in mind, the Panel finds the following:

1. Aggravating factors.
   (d) Multiple offenses.
2. Mitigating factors.
   (a) Absence of a prior disciplinary record.
   (f) Inexperience in the practice of law.

"The Panel might have found other mitigating factors had the Respondent testified.

". . . It is the view of the Panel that this type of conduct typically does not warrant suspension from the practice of law, absent more aggravating factors than were presented in this hearing. There was a paucity of evidence presented here and the panel must consider the case as presented.

"It is the recommendation of the Panel that the Respondent be publicly censured by the Supreme Court.

"Costs should be assessed against the Respondent in an amount to be certified by the Disciplinary Administrator."

We find there is clear and convincing evidence establishing the violations found by the panel. We agree with the panel's recommendation concerning disposition. In so doing, we adopt the findings and recommendation of the panel as set forth above.

IT IS THEREFORE ORDERED that Patrick S. Levy be disciplined by published censure in accordance with Supreme Court Rule 203(a)(3) (1998 Kan. Ct. R. Annot. 203) for his violation of the Model Rules of Professional Conduct.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that costs herein be assessed to the respondent.